IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORDAN STEIN, individually and on behalf of others similarly situated,<br><br>                  Plaintiff,<br><br>  v.<br><br>CLARIFAI, INC.,<br><br>                  Defendant. | Case No. 1:20-cv-1937 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Clarifai, Inc. ("Clarifai") hereby removes this putative class action, currently pending in the Circuit Court of Cook County, Illinois as Case No. 2020CH01810, to the U.S. District Court for the Northern District of Illinois. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and, on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Removal is timely under 28 U.S.C. § 1446(b)(3).

## BACKGROUND AND TIMELINESS

1. On February 13, 2020, Plaintiff Jordan Stein, on behalf of herself and others similarly situated, initiated this lawsuit against Clarifai in Cook County, Illinois, by filing a class action complaint in *Jordan Stein v. Clarifai, Inc.*, Case No. 2020CH01810 (hereinafter, "the State Court Action").

2. On February 25, 2020, Clarifai was served with a copy of the summons and complaint in the State Court Action. (*See* Ex. A.)

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date on which Clarifai was served with the initial pleading. *Murphy*

*Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (time for filing a notice of removal does not begin to run until a party has been formally served).

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as Ex. A.

5. Plaintiff alleges that Clarifai violated the Illinois Biometric Privacy Act, 740 ILCS 14/1 et seq. ("BIPA"), by "secretly access[ing]" photographs that users uploaded to a dating website and scanning "facial geometry" of "unwitting Illinois residents" from those photographs. (Compl. ¶ 5.) Specifically, Plaintiff alleges that Clarifai "violated BIPA by collecting, capturing, purchasing, receiving through trade, and obtaining Plaintiff's and the Class members' biometric identifiers and/or biometric information" (*id.* ¶ 71) without providing a written disclosure of the purpose and duration of use, failing to publish a retention or destruction policy, failing to obtain written consent from Plaintiff, and profiting from those biometric identifiers. Plaintiff further alleges that Clarifai was unjustly enriched by profiting from her biometric identifiers without providing compensation. (*Id.* ¶ 100.) Plaintiff seeks various forms of relief, including statutory damages, for herself and a putative class.

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)**

6. Plaintiff is a resident and citizen of Illinois. (*Id.* ¶ 8.)

7. Clarifai is a Delaware corporation that has its principal place of business in New York. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006).

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2), which grants U.S. district courts original jurisdiction in class actions where "(1) the aggregate amount in controversy exceeds $5,000,000; (2) any member of the plaintiff class is a citizen of a state

different from any defendant ('minimal diversity'); (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and (4) the number of members of the plaintiff class is 100 or more." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). All four elements are met here.

9. First, the aggregate amount in controversy exceeds $5,000,000. The Complaint alleges that Clarifai "unlawfully harvested biometric identifiers from more than 60,000 OKCupid users residing in Illinois." (Compl. ¶ 61.)

10. Plaintiff further alleges that Clarifai violated BIPA "intentionally or recklessly" and seeks $5,000 per violation. (*Id.* ¶¶ 74, 76, 84, 86, 92, 94.) Alternatively, Plaintiff alleges that Clarifai negligently violated BIPA and seeks $1,000 per violation. (*Id.* ¶¶ 75, 76, 85, 86, 93, 94.)

11. Although Clarifai denies that Plaintiff is entitled to any relief, Plaintiff's allegations must be treated as if they were true to determine the amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

12. Taking those allegations as true, the amount in controversy is at least $5,000,000 (not including attorney's fees or any other damages) because $5,000 multiplied by 60,000 class members equals $300,000,000.

13. Second, there is minimal diversity because Plaintiff is a citizen and resident of Illinois, whereas the only defendant is a citizen of New York and Delaware, but not Illinois. *See supra* ¶¶ 7–8.

14. Third, the primary and only defendant is a corporation—not a state, state official, or other government entity.

15. Fourth, as alleged in the Complaint, the number of members of the plaintiff class is more than 100. (Compl. ¶ 61 ("Clarifai unlawfully harvested biometric identifiers from more than 60,000 OKCupid users residing in Illinois . . . .").)

16. Because this matter satisfies all requirements of 28 U.S.C. § 1332(d), this Court has subject matter jurisdiction under the Class Action Fairness Act of 2005.

## **DEFENDANT HAS COMPLIED WITH ALL PREREQUISITES FOR REMOVAL**

17. Counsel for Clarifai certifies that a copy of this Notice of Removal is being filed with the Clerk of the Cook County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

18. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Clarifai in the State Court Action are attached hereto as Ex. A.

19. Clarifai reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, Clarifai hereby removes the above-captioned civil action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

|  |  |
|---|---|
| Dated: March 23, 2020 | Respectfully submitted, |
|  | **CLARIFAI, INC.** |
|  | By: _/s/ Amy Y. Cho_<br>One of Its Attorneys |

Melissa A. Siebert
Amy Y. Cho
Erika A. Dirk
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
masiebert@shb.com
acho@shb.com
eadirk@shb.com

## **CERTIFICATE OF SERVICE**

I, Amy Y. Cho, an attorney, hereby certify that on **March 23, 2020**, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL** to be filed electronically. Notice of this filing will be sent to all parties registered on this Court's CM/ECF system. I further certify that I caused a courtesy copy of this filing to be served by electronic mail upon the following counsel of record:

>Keith J. Keogh
>Theodore H. Kuyper
>Gregg M. Barbakoff
>KEOGH LAW, LTD.
>55 West Monroe Street, Suite 3390
>Chicago, IL 60603
>(312) 726-1092
>(312) 726-1093 (fax)
>keith@keoghlaw.com
>tkuyper@keoghlaw.com
>gbarbakoff@keoghlaw.com
>
>***Attorneys for Plaintiff and the Putative Class***

                                              */s/ Amy Y. Cho*