UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORDAN STEIN, individually and on behalf of others similarly situated | )<br>)<br>) |
| Plaintiff, | )<br>) No. 20 C 1937 |
| v. | )<br>) Judge Sara L. Ellis |
| CLARIFAI, INC., | )<br>) |
| Defendant. | ) |

**OPINION AND ORDER**

After learning that Defendant Clarifai, Inc. ("Clarifai"), a technology company based in New York, collected photographs from her OKCupid profile and used her facial information for profit without her consent, Plaintiff Jordan Stein filed this putative class action against Clarifai. Stein alleges that Clarifai violated §§ 15(a), (b), and (c) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq.* She also brings a claim for unjust enrichment. Clarifai now moves the Court to dismiss the complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) or, in the alternative, for failure to state a claim under Rule 12(b)(6). Because Stein has not alleged sufficient contacts to show Clarifai directly targeted Illinois, the Court does not have jurisdiction over it and so dismisses Stein's complaint without prejudice.

**BACKGROUND[1]**

Clarifai, a technology company incorporated in Delaware and based in New York, specializes in artificial intelligence. It created a face database (the "database") to develop and

---

[1] In addressing Clarifai's motion to dismiss, the Court is not limited to the pleadings. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Therefore, the Court

train algorithms used in its facial recognition technology. In doing so, Clarifai created thousands of unique face templates by scanning biometric information contained in photographs housed in the database and extracting the unique geometry of each face detected therein. Clarifai also provides pre-trained visual recognition models, including a demographic model, that can recognize certain attributes in an image. Since May 2018, Clarifai may have sold fifty-eight demographic models to two customers located in Illinois. These sales brought in approximately seven cents in revenue, as Clarifai bills its customers at a rate of $1.20 per $1,000 operations.

On July 13, 2019, the New York Times published an article that revealed that Clarifai built the database from OKCupid profile pictures. The article further revealed that Clarifai signed an agreement with a large social media company to use its users' images for training facial recognition algorithms. According to OKCupid, Clarifai contacted it in 2014 in hopes of collaborating on artificial intelligence and facial recognition technology. Clarifai gained access to OKCupid users' profile photographs from one of its investors, Corazon, a Chicago-based venture capital fund, and its principals, Sam Yagan and Max Krohn, who founded OKCupid. Krohn used his personal email account to provide the photographs to Clarifai's chief executive officer, Matthew Zeiler.[2]

---

draws the facts from the complaint and the additional documents submitted by the parties. The Court resolves all factual conflicts and draws all reasonable inferences in Stein's favor. *Id*. at 782–83.

[2] The parties filed their briefs and exhibits under seal, also providing redacted versions. If the Court refers to a sealed document, it attempts to do so without revealing any information that could be reasonably deemed confidential. Nonetheless, if the Court discusses confidential information, it has done so because it is necessary to explain the path of its reasoning. *See In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality."); *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (explaining that a judge's "opinions and orders belong in the public domain").

In 2013, Stein, an Illinois resident, signed up for an account on OKCupid and uploaded roughly five digital photographs of herself to create her user profile; to date, Stein still uses the application. Because Stein's account was active at the time Clarifai obtained profile photographs to create its database, Clarifai has used Stein's profile photographs in its database. At no time did Clarifai inform Stein of the use of her photographs to collect, capture, receive, store, or use her facial information. Instead, Stein learned that Clarifai had gained access to her OKCupid profile photographs from the New York Times profile of Clarifai.

Clarifai asserts it has never developed a business relationship with OKCupid and has no knowledge of where OKCupid users are located. Zeiler states that Clarifai operates a globally accessible website, and while the website is accessible in Illinois, Clarifai does not target its website to residents in Illinois. Clarifai is not registered to do business in Illinois, has no offices or employees in Illinois, has never had property, employees or operations in Illinois, and does not maintain a place of business in Illinois. Zeiler indicates that Clarifai does not target its marketing, sales, or commercial activity towards Illinois, nor does it specifically develop or train facial recognition or artificial technology in Illinois.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(2) challenges the Court's jurisdiction over a party. Fed. R. Civ. P. 12(b)(2). When a defendant raises a Rule 12(b)(2) challenge, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (citation omitted). If the Court rules on the Rule 12(b)(2) motion without an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. *Id*. at 392–93; *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). In resolving a Rule 12(b)(2) motion, the Court "accept[s] as true all well-pleaded facts alleged in

the complaint," *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012), and "reads the complaint liberally with every inference drawn in favor of [the] plaintiff," *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). However, if the defendant submits "evidence opposing the district court's exercise of personal jurisdiction, the plaintiff must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). The Court "accept[s] as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff," *GCIU-Emp. Ret. Fund*, 565 F.3d at 1020 n.1, but resolves "any factual disputes in the [parties'] affidavits in favor of the plaintiff," *Felland*, 682 F.3d at 672.

## ANALYSIS

Clarifai moves to dismiss Stein's claims against it for four reasons: first, that the complaint lacks allegations sufficient to assert personal jurisdiction over it under Rule 12(b)(2); second, if personal jurisdiction does exist, that BIPA does not have extraterritorial application; third, that applying BIPA to Clarifai violates the Dormant Commerce Clause; and finally, that Stein's unjust enrichment claim is duplicative of the BIPA claims. The Court need only address Clarifai's personal jurisdiction argument, as it is dispositive.

In diversity cases, the Court may exercise personal jurisdiction over a defendant only if personal jurisdiction would be proper in an Illinois court. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Illinois allows for personal jurisdiction to the full extent authorized by the Illinois and United States Constitutions. *KM Enters., Inc. v. Glob. Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013). Although there may be theoretical differences between the federal and Illinois constitutional standards, the Seventh Circuit has observed that "no Illinois case has provided a definitive explanation" of these differences. *Matlin*, 921 F.3d at 705. Moreover, both

constitutional standards essentially focus on whether exercising jurisdiction over a defendant is fair and reasonable. See *KM Enters.*, 725 F.3d at 732. Thus, a single inquiry into whether the United States Constitution permits jurisdiction suffices. See, e.g., *Curry*, 949 F.3d at 393; *Illinois v. Hemi Grp. LLC*, 622 F.3d 754, 756–57 (7th Cir. 2010); see also *Wesly v. Nat'l Hemophilia Found.*, 2020 IL App (3d) 170569, ¶ 16 ("[I]t is generally true that, when federal due process concerns regarding personal jurisdiction are satisfied, so are Illinois due process concerns." (alteration in original) (citation omitted)). Jurisdiction is proper under the Due Process Clause of the United States Constitution if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017).

Personal jurisdiction comes in two forms: general and specific. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Stein does not contend that this Court has general jurisdiction over Clarifai so the Court limits its analysis accordingly. See Doc. 52 at 5. Specific jurisdiction exists "when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010). The Court looks to the "defendant's suit-related conduct" and its connection to the forum state; "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 283, 286 (2014); *Philos Techs., Inc. v. Philos & D,*

5

*Inc.*, 802 F.3d 905, 915–16 (7th Cir. 2015). The Court considers "whether the conduct underlying the claims was purposely directed at the forum state," looking at whether Clarifai engaged in "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Tamburo v. Dworkin*, 601 F.3d 693, 702–03 (7th Cir. 2010).

    Stein argues that Clarifai has sufficient minimum contacts with Illinois because it obtained the profile photos from an Illinois-based company and it has marketed and sold the demographic model to Illinois customers. Clarifai contends, however, that while it has sold its product to a small number of Illinois customers, it merely runs an interactive website that does not specifically target Illinois residents and has no other relevant ties to this state. Instead, according to Clarifai, the only connection to Illinois is the fact that Stein resides here.

    Here, Stein alleges that Clarifai committed a tortious act in Illinois by illegally obtaining images of her and other Illinois OKCupid users and subsequently using those photographs to train its facial recognition software in violation of BIPA. The only alleged tie to Illinois with respect to Clarifai's acquisition of the photographs is through Corazon, a Chicago-based venture capital fund, and its principals, two of whom, Sam Yagan and Max Krohn, also founded OKCupid. As jurisdictional discovery revealed, Zeiler, Clarifai's CEO, reached out to Krohn to inquire whether Clarifai could obtain access to OKCupid's data, and eventually, Krohn provided this information to Zeiler from his personal email account. Stein has not provided any basis to infer that Krohn took this action on behalf of Corazon or that Krohn otherwise has a connection to Illinois.[3] And while Corazon invested in Clarifai, this relationship does not subject Clarifai to

---

[3] In fact, Clarifai states in its reply that Krohn is a resident of New York or New Jersey.

6

jurisdiction in Illinois with respect to the claims at issue here; Clarifai's contacts with Illinois must come from its suit-related activity in the forum state, not from the activity of a third party, and so its contractual relationship with Corazon, which does not appear to have any bearing on the claims at issue here, is irrelevant to the specific jurisdiction analysis in this case. *See Salkauskaite v. Sephora USA, Inc.*, No. 18-CV-08507, 2020 WL 2796122, at *4 (N.D. Ill. May 30, 2020) (a defendant's "contacts also must come from the activity of the defendant, not from the activity of the plaintiff or a third party"); *see also Purdue*, 338 F.3d 773, 780 (7th Cir. 2003) ("[I]t must be the activity of the defendant that makes it amenable to jurisdiction, not the unilateral activity of the plaintiff or some other entity." (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985))). Further, Stein has not rebutted Clarifai's representation that it does not develop or train facial or artificial technology in Illinois and has no knowledge of where the OKCupid users whose information it used reside. *See Gullen v. Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016) ("Plaintiff alleges that Facebook uses facial recognition technology on 'every user-uploaded photo,' not just on photos uploaded in or by residents of Illinois. Given this tacit admission that Facebook's alleged collection of biometric information is not targeted at Illinois residents, the [] 'contact' becomes simply that Facebook operates an interactive website available to Illinois residents." (citation omitted)). Therefore, the Court cannot find that Clarifai specifically targeted Illinois in connection with its acquisition of OKCupid Illinois residents' user profiles.

      Stein also argues that Clarifai's sales of its demographic model to two Illinois customers creates the required minimum contacts with Illinois. These two customers purchased access to the model as many as fifty-eight times in the eighteen months before Stein filed suit, generating approximately seven cents in revenue for Clarifai. Clarifai maintains that these purchases do not

show that Clarifai targeted its products, including the database, to Illinois customers and instead only reflects that it operated an interactive website, which does not suffice to create jurisdiction in this state. It also represents that it "does not target its marketing, sales, commercial activity, or deploy its technology towards Illinois." Doc. 21-1 ¶ 8.

The Seventh Circuit has cautioned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *Hemi*, 622 F.3d at 760; *see also be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way target the forum state's market. If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." (citations omitted)). Certainly, evidence of extensive sales from an interactive website may show that Clarifai has targeted Illinois so as to subject it to this Court's jurisdiction. *See Curry*, 949 F.3d at 399 (7th Cir. 2020) (court had jurisdiction over defendant who made sales to 767 customers in the state through multiple interactive websites). But such evidence does not exist here. While Stein relies on *Hemi* in her personal jurisdiction argument, the facts of that case make it distinguishable. As opposed to the small amount of sales to two customers here, the defendant in *Hemi* made an affirmative choice to allow sales in Illinois by selling 300 packs of cigarettes, a heavily regulated product, to one Illinois resident while deliberately choosing not to sell cigarettes to residents of other states. *Hemi*, 622 F.3d at 760. Likewise in *Mutnick v. Clearview AI, Inc.*, not only did Clearview sell biometric information to Illinois entities but it also marketed its user accounts for its facial recognition database to the Illinois Secretary of State

8

and negotiated a contract with the Secretary of State. No. 20-cv-0846, 2020 WL 4676667, at *2 (N.D. Ill. Aug. 12, 2020). Stein has not presented any similar evidence. Thus, the miniscule number of transactions at issue here, fifty-eight sales to just two Illinois residents that garnered Clarifai only seven cents in revenue, without additional evidence to show Clarifai targeted the forum state cannot suffice to subject Clarifai to personal jurisdiction in this Court. *See Matlin*, 921 F.3d at 707 (a single sale of a product without more evidence is not enough to assert personal jurisdiction); *Advanced Tactical Ordnance Ss., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) ("[I]t is unlikely that those few sales alone, without some evidence linking them to the allegedly tortious activity, would make jurisdiction proper. To hold otherwise would mean that a plaintiff could bring suit in literally any state where the defendant shipped at least one item." (citation omitted)); *be2*, 642 F.3d at 559 (evidence that twenty Illinois residents had opened accounts on the defendant's interactive website. a "miniscule number of registrants," did not create specific jurisdiction over the defendant, particularly where no evidence existed that the defendant had targeted the state). Because Stein has not demonstrated that Clarifai directed its suit-related actions at Illinois so as to subject it to this Court's jurisdiction, even after engaging in jurisdictional discovery, the Court must dismiss her complaint for lack of jurisdiction.[4]

---

[4] Because the Court concludes that it lacks personal jurisdiction over Clarifai, it does not address Clarifai's alternative arguments for dismissal under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, the Court grants Clarifai's motion to dismiss [20]. The Court dismisses Stein's claims without prejudice for lack of personal jurisdiction and terminates this case.

Dated: March 16, 2021

SARA L. ELLIS
United States District Judge